Steven J. Sherlag, OSB 931034
SHERLAG | DE MUNIZ LLP
820 NW 12th Avenue, Suite 106
Portland, Oregon 97209
Phone: (503) 227-5200
Fax: (503) 296-2004
steven@sherlagdemuniz.com
Attorney for Plaintiff
Quinton Lee Bracken

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| QUINTON LEE BRACKEN, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| DOUGLAS COUNTY, ) | JURY TRIAL DEMAND |
| DOUGLAS COUNTY DEPUTY ) | |
| SHERIFF TRAVIS WHETZEL, ) | Civil Rights Claim (42 U.S.C. §1983) |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### INTRODUCTION

This is a civil rights action for money damages against Douglas County, Deputy Sheriff Travis Whetzel, and Does 1-10, who are persons presently unknown to plaintiff Quinton Lee Bracken, for violations of Plaintiff's constitutionally guaranteed rights, and for common law torts.  Douglas County is also sued for developing and maintaining the policies and customs that caused the deprivation of rights described in this complaint.

Page 1 – COMPLAINT



## JURISDICTION

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 1343.

2. Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and compensatory damages from Douglas County pursuant to the Oregon Tort Claims Act.

3. The claims upon which this suit is based occurred in this judicial district.

4. Plaintiff is informed and believes, and on that basis alleges, that each of the named Defendants reside in this judicial district.

5. Plaintiff filed a valid and timely tort claim on Douglas County on June 10, 2019, acknowledged by letter dated June 13, 2019, Jeff Sweet, Senior Claims Adjuster for citycounty insurance services (sic).

## PARTIES

6. Plaintiff QUINTON LEE BRACKEN ("Plaintiff") is a United States citizen and at all times material to this complaint was a resident of Douglas County, Oregon.

7. Defendant DOUGLAS COUNTY ("Douglas County") is an Oregon municipal corporation organized under the laws of Douglas County and the State of Oregon; on information and belief, the DOUGLAS COUNTY SHERIFF'S OFFICE ("DCSO") is a division of Douglas County.

8. Defendant TRAVIS WHETZEL ("Whetzel") was at all times relevant to this action a law enforcement officer employed by Douglas County and DCSO, and acted under color of law. Whetzel is sued in his individual capacity.

9. DOES 1-10 are employees, deputies, trainers, supervisors, and/or managers of Douglas County, who prior to and at the time of the incident acted under color of law. DOES 1-10 were at all relevant times responsible for instituting and planning the policy, practices, and customs that led to the

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

incident described herein.  Once the identity and actions of DOES 1-10 are ascertained through discovery, Plaintiff will move to amend to state their true names and plead either their individual or official capacity, or both, if appropriate under facts and operative law.

10. In doing the things herein alleged, defendants, and each of them, acted as the agent, servant, employee, and in concert with each of the remaining defendants.

## STATEMENT OF FACTS

11. On December 22, 2018, Plaintiff was a 50-year-old citizen of Canyonville, Douglas County, State of Oregon, and the then-owner of Point 9, a hospitality industry establishment, licensed by the Oregon Liquor Control Commission, located at 515 S. Main Street, Canyonville, Oregon; Plaintiff also had other non-related business interests.

12. At approximately 1:10 a.m., Whetzel responded to a report of a dog barking at a residential location near Elliot Street and Third Street, Canyonville, Oregon; unable to make contact with the known residential occupant, Whetzel went to the Point 9 to attempt to locate the occupant.

13. At approximately 1:33 a.m. Whetzel entered the Point 9.

14. Whetzel was previously acquainted with Plaintiff.

15. At the time Whetzel entered Point 9, any reasonably aware observer would note that Plaintiff appeared his biological age, if not older, and as such not capable of sustaining aggressive law enforcement use of force without a substantial risk of causing Plaintiff serious physical injuries.

16. At the time Whetzel entered, Plaintiff was at Point 9, off-duty, socializing with acquaintances, which included consumption of alcoholic beverages.

17. At the time Whetzel entered, Point 9 was managed and controlled by on-duty employee Robin Slay.

Page 3 – COMPLAINT

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

18. When Whetzel entered Point 9, Plaintiff approached Whetzel and asked him "if there was anything he could do for him?"

19. Whetzel asked Plaintiff "Why are you asking me if there's something you – I can do for you?"

20. Plaintiff then asked Whetzel: "Why the f*** (indiscernible) in here? Anyway, done."

21. Whetzel then asked Plaintiff "Are you – are you having control of the bar right now?", to which Plaintiff unequivocally indicated Plaintiff was not in control of Point 9.

22. Whetzel ordered Robin Slay to pull the drinks of the Point 9 customers and close the bar, which she ultimately did, while Plaintiff stood nearby speaking with another patron; after Plaintiff told Whetzel he did not have authority to shut the bar down, Whetzel called dispatch for another unit, Code 1.

23. While Plaintiff stood by, Robin Slay and Whetzel argued about whether Plaintiff had control over the bar, Robin Slay told Whetzel Plaintiff did not have control over the bar, then Plaintiff re-joined the conversation and reiterated he did not have control over the bar.

24. During an extended conversation over whether or not Plaintiff was intoxicated and exercising control over Point 9, Whetzel indicated "You're asking me… what I'm doing here."

25. When Plaintiff responded: "I heard that dispatch said you couldn't be here;" Whetzel accused Plaintiff of lying.

26. Robin Slay, standing behind the bar, again unequivocally told Whetzel that Plaintiff did not have control over the bar.

27. Plaintiff reiterated that he "heard" Whetzel was not allowed in Point 9; Whetzel again accused Plaintiff of lying, to which Plaintiff responded with surprise and said he'd call the Sheriff the next day.

28. While Whetzel and Plaintiff continued to verbally engage, Plaintiff walked to the front door of Point 9, following other departing patrons.

Page 4 – COMPLAINT

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

29. While Plaintiff was standing at or about the door threshold and with Plaintiff's hand on the partially opened door, Whetzel told Plaintiff, "Okay. Well, you're not going anywhere, Quinton."

30. While still standing at or about the threshold and with Plaintiff's hand still on the partially opened door, Plaintiff turned to partially face Whetzel, and responded, "Yeah, I am."

31. Whetzel then told Plaintiff "No, you're not…. You're not free to go" to which a patron said, "Why can't he go?" to which Plaintiff replied, "Yeah, I am." Whetzel again said, "No, you're not. You're not free to go."

32. Plaintiff remained in the door swing area with his hand still on the door, and, turning further to squarely face Whetzel, said "I'm going home," to which Whetzel responded "Get back in here."

33. While Plaintiff remained in the door swing area, with Plaintiff's hand on the door and still directly facing Whetzel, Plaintiff responded "No."

34. Whetzel then told Plaintiff, "Okay. You're under arrest," and placed his hands on Plaintiff, purporting to exercise lawful authority.

35. Plaintiff then told Whetzel, among other things "Get off me… this is just bullshit."

36. Whetzel told Plaintiff "don't resist" to which Plaintiff responded "I'm not resisting nothing. I've done nothing… I've done nothing wrong."

37. As Whetzel took Plaintiff into custody, Plaintiff pleaded with Whetzel not to arrest him, and then Whetzel forcibly took Plaintiff to the ground, pinned Plaintiff to the ground and ultimately placed him in custody.

38. During the course of the arrest, Plaintiff asked Whetzel to get off him, told Whetzel among other things that he has multiple ruptured disks, is disabled, and is in pain; Whetzel ordered Plaintiff to give him his hands while Plaintiff, with his left hand passively placed behind his back and his right arm pinned

Page 5 – COMPLAINT

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

between Plaintiff's torso and the ground, asked for his "elbow back."

39. During the course of the arrest, while Plaintiff was pinned to the ground, Whetzel saw in plain view the clip of a pocket-knife and the top of the same knife extended above Plaintiff's pants pocket, but falsely reported that Plaintiff "had a knife concealed in his jeans."

40. Plaintiff suffered serious injuries during the course of the arrest, requiring ongoing medical intervention.

41. After detaining Plaintiff, Whetzel told Robin Slay the materially false statement, "And he told me to leave."

42. After detaining Plaintiff, Whetzel told another deputy the materially false statement, "I was about to leave and then he's, like, telling me I need to get the F outta here and – which is a no-no," and later "That's why he's under arrest because he was trying to tell me to get outta the bar."

43. Whetzel lodged Plaintiff into custody facility and filed reports which caused the filing of criminal charges against Plaintiff.

44. In his law enforcement reports, Whetzel falsely reported that Plaintiff told Whetzel he "was not allowed in the bar and to leave," and that Plaintiff "wanted to know why I was there and told me I was done and that I needed to leave his bar."

45. Charges were instituted against Plaintiff initially in the Justice Court for Douglas County for Interfering with a Peace Officer or Parole and Probation Officer, Resisting Arrest, and Carrying a Concealed Weapon, all of which were later dismissed.

46. Charges were re-filed in the Circuit Court of Douglas County, State of Oregon, alleging the offenses of Resisting Arrest and Failure to Obey a Lawful Order, and are still pending.

Page 6 – COMPLAINT

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

**STATEMENT OF DAMAGES**

47. As a direct and proximate result of the incidents alleged in this complaint, Plaintiff sustained injuries and damages including, but not limited to: pain, suffering, loss of liberty, injuries to his body, as well as severe emotional distress, fear, anxiety, and loss of his Fourth, Fifth, and Fourteenth Amendment rights, all to his general damage in an amount according to proof at trial.

48. Plaintiff incurred medical expenses as a result of the actions of defendants, and the course of injury and treatment is serious and ongoing.

49. As a further direct and proximate result of the incident and the false reports that Plaintiff told Whetzel to "leave" and later that Whetzel "needed to leave his bar;" Plaintiff has been compelled to engage the services of private counsel to vindicate his rights under law. Plaintiff is therefore entitled to reasonable attorneys' fees to vindicate his rights under law.

50. The conduct of defendants as alleged in this complaint was willful, malicious, oppressive, and/or constituted reckless disregard for Plaintiff's constitutional rights, and therefore Plaintiff is entitled to punitive damages according to proof at trial.

51. As a further direct and proximate result of the acts of defendants, and each of them, as alleged herein, defendants violated Plaintiff's rights under the United States Constitution, including but not limited to his rights under the Fourth, Fifth and Fourteenth Amendments.

**FIRST CAUSE OF ACTION**
**Violation of Civil Rights**
**(Title 42 U.S.C. § 1983)**
**(As To Whetzel,**
**DOES 1-10, and Douglas County)**

52. The foregoing paragraphs are incorporated by reference.

53. In committing the acts complained of herein, defendants acted under color of law to deprive

Page 7 – COMPLAINT

Plaintiff as alleged herein, of certain constitutionally protected rights as set forth in the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, including, but not limited to:

 (a) the right not to be deprived of liberty without due process of law, and specifically to not be detained, arrested, and taken into custody without supporting probable cause;

 (b) the right to be free from the use of excessive and unreasonable force;

 (c) the right to be free from prosecution instituted in violation of procedural and substantive due process, and without a factual basis supporting probable cause; and

 (d) the right to be free from summary punishment.

54. On information and belief, the deprivations of constitutional rights described *supra* were caused by Douglas County and Does 1-10 in the following manner:

 (a) Having a policy, custom, and/or practice of permitting law enforcement officers to violate policies, fail to properly implement the law, use unlawful and unreasonable force, and violate the rights of citizens without terminating such officers or taking appropriate disciplinary action;

 (b) Failing to properly train and supervise Whetzel as relates to the laws of the State of Oregon, and in proper application of facts to those laws; and

 (c) Failing to properly train and supervise Whetzel in the tactics to investigate and deescalate an incident without the use of force, or when some force is required, to use only that which is necessary under the facts and circumstances to prevent unnecessary injury.

55. As a direct and proximate result of the violation of his constitutional rights by defendants, and each of them, Plaintiff suffered general and special damages as alleged in this complaint and to be proven at

Page 8 – COMPLAINT

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

trial.

56. The conduct of Whetzel was willful, malicious, oppressive, and/or constituted reckless disregard for the constitutional rights of Plaintiff, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### State Law Claim
### Assault and Battery
### (As to Defendant Whetzel and Douglas County)

57. The foregoing paragraphs are incorporated by reference.

58. On information and belief, as a result of the policies, practices, and orders of Douglas County and Does 1-10, and due to the direct actions of Whetzel, an unlawful assault was threatened and battery was committed on plaintiff in violation of Oregon law.

59. All of the above alleged tortious conduct caused Plaintiff to reasonably fear imminent harm to his health and safety and fear the additional use of unlawful force against him.

60. On information and belief, Whetzel intentionally used gratuitous, excessive, and unnecessary force as a tactic against Plaintiff to retaliate against Plaintiff's refusal to follow his requests, including his passive resistance to the order to "get back in here" and in retaliation for Plaintiff's lawful inquiry as to whether or not Whetzel was allowed to enter Point 9.

61. As a direct and proximate result of the acts of defendants, and each of them, Plaintiff suffered general and special damages as alleged in this complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

## THIRD CAUSE OF ACTION
### State Law Claim
### Intentional Infliction of Emotional Distress
### (As to Defendant Whetzel and Douglas County)

62. The foregoing paragraphs are incorporated by reference.

63. In carrying out the plan and acts alleged throughout this complaint, defendants, and each of them sought to cause pain, emotional distress, and trauma to Plaintiff, and Plaintiff did suffer such pain, emotional distress, and trauma, with accompanying physical symptoms.

64. As a direct and proximate result of the violation of his statutory, common law, and constitutional rights by Defendants and their other tortious conduct against him, Plaintiff suffered general and special damages as alleged in this complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### State Law Claim
### Negligence
### (As to Defendant Whetzel and Douglas County)

65. The foregoing paragraphs are incorporated by reference.

66. Defendants, and each of them, owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

67. In committing the aforementioned acts and/or omissions, defendants, and each of them, negligently breached said duty to use due care, directly and proximately caused the injuries and damages to Plaintiff as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

## SIXTH CAUSE OF ACTION
**Violation of Civil Rights**
**(Title 42 U.S.C. § 1983)**
**Malicious Prosecution**
**(As to All Defendants)**

68. The foregoing paragraphs are incorporated by reference.

69. Whetzel recklessly and/or intentionally prepared materially incomplete and/or falsified accounts of his encounter with Plaintiff, and swore under oath to their truthfulness.

70. Whetzel, well-knowing that the accounts and reports were materially incomplete and/or false, failed to supply a full and accurate accounting to the reviewing prosecuting authorities, well-knowing the prosecuting authorities would rely upon the reports and his false swearing.

71. By such false report and swearing, Whetzel instituted a criminal action by preparing and proffering an incomplete and/or falsified accounting to the prosecuting attorney(s).

72. On information and belief, had the reviewing prosecuting authority been timely provided a complete and accurate accounting, prosecution would not have been instituted, or if it was instituted it would have been terminated, inasmuch as probable cause is lacking.

73. On information and belief, Whetzel, Douglas County, and DOES 1-10 advised, assisted, ratified, and/or directed the prosecution.

74. The prosecution of Plaintiff is ongoing; Plaintiff will move to amend this paragraph when the matter terminates in his favor.

75. On information and belief, Whetzel, Douglas County and DOES 1-10 acted maliciously in instituting the criminal action.

76. In committing the aforementioned acts and/or omissions, Whetzel, Douglas County, and DOES 1-10, and each of them, directly and proximately causing the injuries and damages to the Plaintiff as



SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

alleged herein, to-wit, a seizure of his person, institution of charges, and expenditure of legal fees to defend against said action.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### State Law Claim
### Malicious Prosecution
### (As to All Defendants)

77. The foregoing paragraphs are incorporated by reference.

78. On information and belief, Whetzel, Douglas County, and DOES 1-10 acted with an improper purpose, to-wit, maliciously, in instituting the criminal action.

79. In committing the aforementioned acts and/or omissions, Whetzel, Douglas County, and DOES 1-10, and each of them, directly and proximately resulting in the injuries and damages to the Plaintiff as alleged herein, to-wit a seizure of his person, institution of charges, and expenditure of legal fees to defend against said action.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY TRIAL DEMAND

80. Plaintiff demands a jury trial in this matter on all matters properly triable to a jury herein.

### ATTORNEYS' FEES

81. Plaintiff is entitled to and hereby demands attorneys' fees under 42 U.S.C. §§ 1984, et seq. including § 1988.

Page 12 – COMPLAINT

SHERLAG|DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them jointly and severally, as follows:

1. Economic damages according to proof;

2. Special damages according to proof;

3. Punitive and exemplary damages according to proof (as to individual defendants);

4. Costs of suit and reasonable attorneys' fees; and

5. Such other and further relief as the court deems just and proper.

This 15th day of December, 2020.

_____
Steven J. Sherlag, OSB #931034
Attorney for Plaintiff
Quinton Lee Bracken

Page 13 – COMPLAINT

SHERLAG | DE MUNIZ LLP
820 NW 12th Ave., Suite 106
Portland, Oregon 97209
(503) 227-5200 FAX (503) 296-2004
www.sherlagdemuniz.com