IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**QUINTON LEE BRACKEN,**

           Plaintiff,                                No. 6:20-cv-02183-AA

       v.                                        **OPINION & ORDER**

**DOUGLAS COUNTY; TRAVIS WHETZEL,**

           Defendants.

_____

AIKEN, District Judge.

      This case comes before the Court on a Motion to Reinstate Case to Active Docket filed by Defendants. ECF No. 20. Plaintiff opposes the motion. For the reasons set forth below, the motion is GRANTED.

      This case was filed on December 15, 2020. ECF No. 1. On May 15, 2021, Plaintiff filed an unopposed motion to stay the case "pending the outcome of Plaintiff's integrally related criminal case currently scheduled for jury trial to commence July 8-9, 2021 in Douglas County Circuit Court, Case No. 19CR72547." ECF No. 15. Among the justifications supporting that motion, Plaintiff argued that "[w]aiting until Plaintiff's criminal trial has concluded will allow Defendants to conduct Plaintiff's deposition without adding any issues to Plaintiff's criminal trial," and that staying the case would "promote judicial economy. As such, Plaintiff sought to stay the case "until entry of judgment in State v. Quinton Lee Bracken, Douglas County 19CR72547."

The trial took place as scheduled and Plaintiff was convicted of resisting arrest and interfering with a police officer.  Plaintiff was sentenced on the same day and judgement was entered.  ECF No. 18.  Plaintiff filed a status report indicating that he believed he had meritorious grounds for appeal and that he "intends, respectfully, to request the matter remain in abatement pending final appellate resolution."  ECF No. 18.  No such motion was filed, however.

Defendants now seek to lift the stay and allow this case to proceed while Plaintiff's criminal appeal remains pending.  ECF No. 20.  Plaintiff opposes the motion.

Federal courts may, but are not constitutionally required to, stay civil lawsuits because of criminal proceedings.  *Fed'l Sav. & Loan Ins. Co. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "When the related criminal proceeding is an appeal challenging a criminal conviction, a stay is generally inappropriate."  *Linh Thi Minh Tran v. Kuehl*, Case No. 03:16-CV-00707-AC, 2018 WL 3849779, at *2 (D. Or. Aug. 13, 2018).  To determine whether a stay is appropriate, courts "consider the extent to which the defendant's fifth amendment rights are implicated."  *Molinaro*, 889 F.2d at 903.  Courts also consider other case-specific factors including:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden of any particular aspect of the proceedings may impose on defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (internal quotation marks and citation omitted).

In this case, considering the factors above, and with particular attention to the fact that stays pending appeals of criminal convictions are disfavored, the Court concludes that continuation of the stay is no longer appropriate.  Any prejudice to Plaintiff is contingent upon the success of his criminal appeal, while the prejudice to Defendants in prolonging this case is direct and certain.

The Court will therefore lift the previously granted stay of this case.  Defendants' motion, ECF No. 20, is GRANTED and the stay in this case is LIFTED.

It is so ORDERED and DATED this _24th_ day of August 2022

_/s/Ann Aiken_____
ANN AIKEN
United States District Judge